UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MARIA BARRERA,

                      Plaintiff,          Case No.:_____

     - against -                **DEFENDANT AIR EUROPA**
                                     **LINEAS AÉREAS, S.A.U.'S**
AIR EUROPA, LINEAS AEREAS, S.A.,     **NOTICE OF REMOVAL**

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Defendant Air Europa Lineas Aéreas, S.A.U. (sued herein as  Air Europa, Lineas Aereas, S.A.; hereinafter "Air Europa") hereby removes this pending action from the New York State Supreme Court, County of Bronx to the United States District Court for the Southern District of New York, on the following grounds:

<strong>INTRODUCTION</strong>

      1.     On or about October 5, 2020, Plaintiff Maria Barrera ("Plaintiff") filed with the Supreme Court of the State of New York, County of Bronx a complaint bearing Index No. 31359/2020E (hereinafter, the "Complaint").

      2.     On October 26, 2020, Air Europa was first served with a copy of the summons and Complaint. A true and correct copy of the Summons and Complaint served on Air Europa is attached hereto as Exhibit A.

      3.     The Complaint alleges that Plaintiff sustained injuries on a shuttlebus owned and operated by Air Europa, its servants, agents, and/or employees as a result of contact that occurred between Plaintiff and an unsecured wheelchair. *See* Complaint (Ex. A) at 8.  The Complaint did

not allege an incident location and whether the incident took place in the course of the operations of embarking or disembarking Air Europa's aircraft.

4.     The parties stipulated to extend the deadline for Air Europa's answer or response to Plaintiff's Complaint until and including December 28, 2020.  A true and correct copy of the Stipulation to Extend Response Deadline attached hereto as Exhibit B.

5.     On December 1, 2020, counsel for Plaintiff informed Air Europa's counsel that his "information indicates that the plaintiff had just disembarked flight UX091 from Madrid in Terminal 4, and was in the outdoor landing area going from the airplane to the gate when the incident occurred." A true and correct copy of Email Correspondence between counsel for Plaintiff and counsel for Air Europa is attached as Exhibit C.

6.     Air Europa flight UX091 is a flight from Madrid, Spain (MAD) to Jamaica, New York (JFK).  Upon information and belief, Plaintiff's travel on Air Europa UX091 was pursuant to a JFK-MAD-JFK flight itinerary.

7.     Pursuant to 28 U.S.C. § 1446(b), the deadline to remove a state court action to federal court is within thirty days after the receipt by the defendant of a complaint that provides a basis to remove or, if the initial pleading is not removable, within thirty days from receiving an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

8.     Courts have held that informal communications, such as unverified, unsigned emails, may provide notice of a potential basis for removal as long as the notice comes in written form. *See Rositani v. Cochran,* 2020 WL 7384531, at *2 (S.D.N.Y. Dec. 16, 2020)(finding removal clock to begin upon receipt of email from plaintiff's counsel providing information to

ascertain removability); *Calle-Cardenas v. Vaillancourt Transport, LLC,* 2020 WL 7389051, at *2-3 (N.D.N.Y. Dec. 16, 2020).

9.      Although the Complaint did not initially provide a basis to remove this matter to federal court, Plaintiff's counsel's December 1, 2020 email provides good grounds for Air Europa to remove the action to federal court on the basis of federal question jurisdiction.

10.     Because this Notice of Removal was filed prior to thirty days after December 1, 2020, this removal is timely under 28 U.S.C. § 1446(b).

11.     Concurrent with the filing of this Notice, Air Europa is providing notice of removal to Plaintiff, and is filing a copy of this Notice with the New York State Supreme Court, County of Bronx.

## THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331 BECAUSE THE ACTION ARISES UNDER A TREATY OF THE UNITED STATES

12.     Removal is proper because this Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331.  The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention").

13.     Pursuant to the Montreal Convention, "international carriage" includes carriage where the place of departure and the place of destination are: (1) within two different State Parties; or (2) within the territory of a single State Party (here, the United States) if there is an

"agreed stopping place within the territory of another State (here, Spain), even if that State is not a State Party."  Montreal Convention, Art. 1(2).

14.     On the date of the incident alleged in the Complaint, Plaintiff was travelling pursuant to passenger tickets providing for transportation from Madrid, Spain to the Jamaica, New York.  While not alleged in the Complaint, this transportation was part of an overall U.S. roundtrip itinerary: United States–Spain–United States.  However, whether the carriage was one-way (Spain–U.S.) or roundtrip-U.S., the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Montreal Convention because the United States and Spain are State Parties to the Montreal Convention.  *See* https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf.

15.     As the alleged incident occurred while Plaintiff was on the shuttlebus from the aircraft to the airport gate when the incident occurred, the incident falls within the substantive scope of Article 17.1 of the Montreal Convention, which provides that a carrier is liable for "bodily injury" for an "accident" that "took place on board the aircraft or in the course of any of the operations of embarking or disembarking." *See Day v. Trans World Airlines, Inc.,* 900 F.2d 8, 9 (2d Cir. 1990)(finding that passengers in a line at departure gate were in the course of embarking for purposes of Article 17 of the Warsaw Convention[1]); *King v. American Airlines, Inc.,* 284 F.3d 352, 359-60 (2d Cir. 2002)(finding that incident occurring on vehicle transporting passengers from the terminal to the aircraft was "in the course of any of the operations of embarking"); *Matveychuk v. Deutsche Lufthansa, AG,* 2010 WL 3540921 (E.D.N.Y. Sept. 7,

---

[1]     The Warsaw Convention is the Montreal Convention's predecessor treaty.  Many terms of the Montreal Convention and Warsaw Convention are substantively similar, and the court may rely on precedent interpreting the Warsaw Convention's parallel provisions when addressing Montreal Convention claims. *Baah v. Virgin Atlantic Airways, Ltd.,* 473 F.Supp.2d 591, 596-7 (S.D.N.Y. 2007).

2010)(finding incident that occurred near departure gate and limited to ticketed passengers was "in the course of any of the operations of embarking or disembarking").

16.     Because the carriage involved was "international" as defined in Article 1 of the Montreal Convention and the incident falls within the substantive scope of Article 17.1 of the Montreal Convention, the Convention exclusively governs the rights and liabilities of the parties to this action.  *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 160-161 (1999); *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 494 (S.D.N.Y. 2009); *Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 386-387 (E.D.N.Y. 2012); *Booker v. BWIA West Indies Airways, Ltd.*, 2007 WL 1351927, *3 (E.D.N.Y. May 8, 2007); *Singh v. North American Airlines,* 426 F.Supp.2d 38, 43-45 (E.D.N.Y. 2006).

17.     Accordingly, the underlying action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441.

## CONCLUSION

18.     WHEREFORE, Defendant Air Europa prays that the above-entitled action now pending in the New York State Supreme Court, County of Bronx be removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

Dated: New York, New York
         December 28, 2020

CLYDE & CO US LLP

By: s/ *Andrew J. Harakas*
    Andrew J. Harakas
    Philip R. Weissman
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel: (212) 710-3900
*Attorneys for Defendant*

To: Keith Gilman, Esq.
   Simon & Gilman, LLP
   91-31 Queens Blvd, Suite 411
   Elmhurst, NY 11373
   Tel: (800) 672-4029
   *Attorneys for Plaintiff*